# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF CHANDAN MANANSINGH, BAR NO. 12033.

No. 75134



FILED

APR 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT AND SUSPENDING ATTORNEY*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Chandan Manansingh. Under the agreement, Manansingh admitted to violating RPC 8.4(b) (misconduct: committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer) and RPC 8.4(c) (misconduct: engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Manansingh agreed to a four-year suspension retroactive to April 25, 2014, the date of his temporary suspension.

Manansingh has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Manansingh operated two companies with the purpose of selling physique-enhancing, non-FDA approved drugs that were labeled "For Research Use Only" in an effort to evade FDA scrutiny. He was convicted of introducing misbranded drugs into interstate commerce with intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(a), 333(a)(2), a felony. He was sentenced to four months of home detention with location monitoring and three years probation and was

ordered to pay a $250,000 fine in $1,000 monthly payments. Thus, the record establishes that he violated RPC 8.4(b) and (c).

As Manansingh admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Manansingh knowingly violated his duty to the public and the profession to maintain personal integrity. Manansingh's misconduct occurred before he was licensed to practice law in Nevada so no client was harmed, but the public was potentially harmed as a result of his criminal conduct. The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.12 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice."). The record supports two aggravating circumstances (dishonest or selfish motive and illegal conduct) and five mitigating circumstances (no prior professional discipline; full and free disclosure to the State Bar, cooperation in the investigation, and acceptance of responsibility for his actions; inexperience in the practice of law; other penalties or sanctions imposed against him; and remorse). Considering all four factors, we conclude that the agreed-upon

four-year suspension retroactive to Manansingh's temporary suspension is appropriate.

Accordingly, we hereby suspend attorney Chandan Manansingh from the practice of law in Nevada for a period of four years commencing from April 25, 2014, the date of his temporary suspension. Manansingh shall pay the actual costs of the disciplinary proceeding, excluding Bar Counsel and staff salaries, within 30 days of this court's order, if he has not done so already.[1] The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Bailey Kennedy
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court

---

[1]The parties negotiated this conditional guilty plea agreement before the amendment of SCR 120, and thus, have agreed that Manansingh will pay the actual costs of the disciplinary proceeding and will not be subject to the $2,500 administrative cost charge under SCR 120(3).

SUPREME COURT
OF
NEVADA

(O) 1947A